O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| COLLEEN M. CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-CV-03415 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In August of 2012, Plaintiff Colleen M. Clark applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorney, Irene Ruzin, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 11, 26). On June 6, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 25).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on August 28, 2012, alleging disability beginning August 24, 2012. (T at 130-31).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On November 10, 2014, a hearing was held before ALJ Mary Everstine. (T at 42). Plaintiff appeared with her attorney and testified. (T at 44-52). The ALJ also received testimony from Sharon Spaventa, a vocational expert. (T at 52-54).

On December 12, 2014, the ALJ issued a written decision denying the application for benefits. (T at 27-41). The ALJ's decision became the

---

[2] Citations to ("T") refer to the administrative record at Docket No. 15.

Commissioner's final decision on May 11, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On May 18, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on October 6, 2016. (Docket No. 14). Plaintiff filed a supporting memorandum of law on December 5, 2016. (Docket No. 21). The Commissioner filed an opposition memorandum on January 9, 2017. (Docket No. 22). Plaintiff filed a Reply on January 23, 2017. (Docket No. 23).

After reviewing the pleadings, the parties' memoranda, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for calculation of benefits.

### III. DISCUSSION

A.   **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

5

DECISION AND ORDER – CLARK v BERRYHILL 2:16-CV-03415-VEB

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 24, 2012, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2016 (the "date last insured"). (T at 21). The ALJ found that Plaintiff's status post L3-5 fusion, hypertension, osteoarthritic changes of the bilateral hips, and obesity were "severe" impairments under the Act. (Tr. 32).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 34).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR § 404.1567 (a), except that she would need to stand and stretch for a few seconds every 30 minutes. (T at 34). The ALJ concluded that Plaintiff could perform her past relevant work as a housing programs manager and city planner. (T at 35).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between August 24, 2012 (the alleged onset date) and December 12, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 37). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D. Disputed Issues**

Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed. First, Plaintiff argues that the ALJ did not properly evaluate the medical opinion evidence. Second, she challenges the

ALJ's credibility determination. Third, Plaintiff asserts that the ALJ's step five analysis was flawed. This Court will address each argument in turn.

### IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical

9

DECISION AND ORDER – CLARK v BERRYHILL 2:16-CV-03415-VEB

findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In May of 2013, Dr. Jeremy Smith, Plaintiff's treating orthopedic surgeon, completed a medical source statement. He reported a diagnosis of spondylolisthesis, with an onset date of October 26, 2011. (T at 451). Dr. Smith indicated that he had been treating Plaintiff monthly since October of 2012. (T at 451). He described Plaintiff's prognosis as "guarded" and opined that her symptoms were "permanent." (T at 453). Dr. Smith opined that Plaintiff could stand/walk for less than 2 hours in an 8-hour workday and sit for less than 6 hours in an 8-hour workday. (T at 455). He indicated that Plaintiff would need to alternate between standing and sitting, and could never climb, balance, stoop, kneel, crouch, or crawl. (T at 455-56).

Dr. Smith provided a second medical source statement in August of 2013. In that statement, he limited Plaintiff's ability to lift/carry to less than 10 pounds,

opined that she could stand/walk for less than 2 hours in an 8-hour workday, noted that she needed a cane or assistive device when standing and/or walking, and opined that she could sit for less than 6 hours in an 8-hour workday. (T at 460). Dr. Smith further indicated that Plaintiff would need to take unscheduled breaks during an 8-hour workday and would likely be absent from work more than 3 times per month due to her impairments or treatment. (T at 460).

Dr. Daniel Ghiyam, Plaintiff's treating primary care physician, provided a medical source statement in January of 2014. Dr. Ghiyam diagnosed spinal fusion with low back pain radiating to the left leg and characterized Plaintiff's prognosis as "poor." (T at 464). He noted decreased range of motion and described Plaintiff's course of treatment as including spinal fusion, physical therapy, epidural injections, and pain medication. (T at 464). Dr. Ghiyam opined that Plaintiff could never lift/carry less than 10 pounds and could stand/walk less than 2 hours in an 8-hour workday. (T at 465). He stated that Plaintiff did not need a cane or assistive device, but was limited with regard to her ability to sit and would need to take unscheduled breaks and shift positions at will. (T at 465). Dr. Ghiyam reported that Plaintiff would likely be absent from work more than 3 times per month due to her impairments or treatment. (T at 465). He opined that she was limited to occasional

bending, climbing, crouching, balancing, kneeling, and crawling; and frequent reaching, handling, and fingering. (T at 466).

The ALJ found the opinions of Dr. Smith and Dr. Ghiyam "unpersuasive" because they were "internally inconsistent with treatment/progress notes and appear to be clearly dependent on [Plaintiff's] subjective, unsupported claims of limitation." (T at 34). This Court finds the ALJ's assessment of the medical opinion evidence flawed for the reasons that follow.

A "discrepancy" between treatment notes and a medical source opinion can constitute "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, the ALJ here does not articulate discrepancies sufficiently material to justify discounting the medical source opinion evidence. Rather, the ALJ references periodic reporting of improvement, including some relative improvement following surgery, without accounting for documentation of persistent pain (T at 469, 474, 478, 487-89) and continued limitation. (T at 455-56, 459-62). The ALJ found it significant that Plaintiff "admitted doing better than she was pre-operatively" (T at 34). However, the ALJ does not account for the fact that this is a *relative* statement comparing her symptoms before and after surgery, which does

not, in itself, contradict her treating providers' assessment of continued limitations at a level of severity that would preclude even sedentary work.

In addition, the ALJ made a material error in reviewing Dr. Ghiyam's statement. The ALJ gave "partial" weight to Dr. Ghiyam's opinion "to the extent it supports the capacity to perform unlimited sitting …." (T at 35). However, Dr. Ghiyam indicated that Plaintiff's ability to sit *was* affected by her impairment. (T at 465). Although he did not quantify the level of impairment, Dr. Ghiyam's statement cannot be read to support a finding that Plaintiff had no limitation as to sitting.

In sum, both treating providers assessed limitations with regard to Plaintiff's ability to sit for prolonged periods, with Dr. Smith, the orthopedic specialist, twice finding Plaintiff unable to sit for even 2 hours in an 8-hour workday. (T at 455, 460). The ALJ's consideration of this evidence was flawed and cannot be sustained.

The ALJ also asserts that the treating physicians relied too heavily on Plaintiff's subjective complaints. (T at 34-35). However, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Indeed, "a patient's complaints or reports of [her] complaints, or history, is an essential diagnostic tool." *Williams v. Colvin*, 13-03005, 2014 U.S. Dist. LEXIS 6244, at *33 (E.D.Wa. Jan. 15, 2004). Here, both physicians had an

extended opportunity to observe and treat Plaintiff. Dr. Smith had highly relevant expertise as an orthopedic surgeon. The ALJ's conclusion that the physicians' assessments were inordinately based on Plaintiff's subjective complaints is not supported by substantial evidence.

The ALJ referenced a June 2013 opinion by Dr. E. Christian, a non-examining State Agency review consultant, who concluded that Plaintiff retained the RFC to perform light work. (T at 36, 66-76). However, the opinion of a non-examining, State Agency physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)). The rejection of an examining physician opinion based on the testimony of a non-examining medical consultant may be proper, but only where there are sufficient reasons to reject the examining physician opinion independent of the non-examining physician's opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

For the reasons outlined above, this Court finds the ALJ committed legal error in failing to properly assess the medical opinion evidence. *See Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. Cal. 1994)("[W]e also hold that the ALJ committed a *legal* error when he failed to grant deference to the conclusions [of claimant's treating physician]…[The courts have] 'accorded deference to treating

physicians precisely because they are the doctors with 'greater opportunity to observe and know the patient.'")(emphasis in original)(quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1993)).

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: although she had some improvement in her symptoms following back surgery in January of 2013, she continues to experience constant low back pain and hip pain. (T at 47-48). She is not able to sit or stand for longer than 30 minutes at a time and performed stretching exercises once per hour throughout the day to relieve pain. (T at 47, 49). She can lift at most 7-8 pounds. (T at 51).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 35). This Court finds the ALJ's analysis flawed.

First, the ALJ found Plaintiff's subjective complaints inconsistent with the medical record. (T at 35). However, this finding was impacted by the ALJ's errors outlined above, including, in particular, her error in believing that Dr. Ghiyam assessed no limitation with respect to sitting. When properly considered, the assessments of Plaintiff's treating primary care doctor and orthopedic surgeon are actually supportive of her testimony.

Second, the ALJ found that Plaintiff's activities of daily living contradicted her claims. (T at 35). In particular the ALJ concluded that Plaintiff's activities

indicated "the capacity to perform focused and sustained activities similar to the capacity required to perform work duties at many jobs." (T at 36).

However, even if Plaintiff's rather limited activities (cooking, washing dishes, shopping, driving, performing exercises for pain relief) did indicate any ability to sustain focus in spite of pain, that would still leave the question of Plaintiff's ability to sit for prolonged periods, which would be required for a sedentary job.

The ALJ did not explain how Plaintiff's activities reflected on her limitations in that regard and/or how her activities even arguably contradicted the conclusions of her treating providers, both of whom assessed limitation as to prolonged sitting. The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Third, the ALJ discounted Plaintiff's credibility because she found the course of treatment to be "limited and conservative." (T at 35). However, it is not clear what additional treatment the ALJ would have expected Plaintiff to receive. She was treated with physical therapy, epidural injections, spinal fusion surgery, and narcotic pain medication. (T at 464). *See Perez v. Colvin*, No EDCV 14-2626, 2016 U.S. Dist. LEXIS 44230, at *17 (C.D. Cal. Mar. 31, 2016)("The ALJ cannot fault Plaintiff for failing to pursue nonconservative treatment options if none existed.")(citing *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010)).

C. **Step 4 Analysis**

At step four, the ALJ concluded that Plaintiff could perform her past relevant work as a housing programs manager and city planner. (T at 35). This finding was based on a hypothetical presented to the vocational expert, which, in turn, was based on the limitations assessed by the ALJ. For the reasons outlined above, the ALJ's assessment of Plaintiff's limitations was flawed, which undermines the step 4 analysis for the same reasons.

D. **Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings

is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

Here, Plaintiff's treating primary care doctor and orthopedic surgeon assessed limitations inconsistent with even sedentary work. Plaintiff's testimony was supported by her treating providers' opinions. The ALJ failed to provide legally sufficient reasons for discounting Plaintiff's credibility and assigning little weight to the treating provider assessments. It is clear from the record that the ALJ would be required to find Plaintiff disabled if this evidence was credited and this Court finds

19

DECISION AND ORDER – CLARK v BERRYHILL 2:16-CV-03415-VEB

no outstanding issues to be resolved before a disability determination can be made. As such, this Court finds that a remand for calculation of benefits is the appropriate remedy.

### VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for calculation of benefits, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees and costs.

DATED this 11th day of September, 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE